# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ermine Jennings, as Personal Representative of the Estate of James Walter Gantt ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 2:12-cv-01397-PMD |
| v. ) ) | |
| HCR ManorCare Inc., HCR Healthcare, LLC, HCR II Healthcare, Inc., HCR III Healthcare, LLC, Manor Care, Inc. f/k/a Manor Care of Charleston, Inc., and West Ashley Rehabilitation and Nursing Center-Charleston SC, LLC d/b/a Heartland of West Ashley Rehabilitation and Nursing Center, and Carrol Carlisle, ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. ) | |

This matter is before the Court upon Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1447. Plaintiff is a citizen of South Carolina and argues that there is no diversity because South Carolina is the principal place of business of Defendant West Ashley Rehabilitation and Nursing Center-Charleston SC, LLC ("Heartland of West Ashley"). For the reasons that follow, the Court denies Plaintiff's Motion to Remand.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of alleged negligence in the care and treatment of Plaintiff James Walter Gantt ("Gantt") at Heartland of West Ashley,[1] a nursing home operated by Defendants. Gantt was admitted to this facility on December 18, 2009 and remained there, with intermittent hospital admissions, until his death on January 9, 2010. At the time of admission, Gantt had compromised mobility and was at great risk for complications associated with his decreased

---

[1] Located at 1138 Sam Rittenberg Boulevard, Charleston, South Carolina, 29407.

1

functional abilities. He required skilled nursing care and was dependent upon the care provided by Defendants. Plaintiff asserts various causes of action: (1) Negligence, (2) Negligence per se, (3) Breach of Contract, (4) Fraud and Misrepresentation, (5) Violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), (6) Intentional Infliction of Emotion Distress/Outrage, (7) Negligence—Wrongful Death, and (8) Negligence—Survivorship.

This wrongful death and survival action against Heartland of West Ashley was originally filed by Plaintiff Ermine Jennings, as Personal Representative of Gantt's Estate, in the South Carolina Court of Common Pleas for the Ninth Judicial Circuit on April 16, 2012. Defendants removed the action on May 25, 2012 on the basis of diversity jurisdiction under 28 U.S.C. § 1441. Plaintiff filed a Motion to Remand on June 22, 2012, and Defendants filed a Response in Opposition on July 23, 2012.

## STANDARD OF REVIEW

1. Removal Jurisdiction

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The court is obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" implicated. *Id.* Section 1447(c) of the United States Code provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816. Section 1441 of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *See Athena Auto.*, *Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999).

    2. <u>Determining Citizenship for Diversity Jurisdiction</u>

A corporation is a citizen of the state where it is incorporated and has its principal place of business. 28 U.S.C. § 1332(c)(1). In the face of "divergent and increasingly complex interpretations" by the Courts of Appeals of the statutory phrase "principal place of business," the Supreme Court in *Hertz Corporation v. Friend*, 130 S.Ct. 1181 (2010), concluded that the phrase "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"; the "nerve center," which will "normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . not simply an office where the corporation holds its board meetings." *Id.* at 1192. In determining a corporation's "nerve center," a court is to apply a qualitative, not quantitative, test; there is no weighing of different factors. *See id.* at 1193–94.

For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Thus, an LLC's members' citizenship must be traced through however many layers of members there may be. *See Gen. Tech. Apps., Inc. v. Exro LTDA*, 388 F.3d 114, 121 (4th Cir. 2004).

## ANALYSIS

Heartland of West Ashley is an LLC and represents that it is organized under the laws of Delaware and its sole member is HCR III Healthcare, LLC. In turn, there are a series of LLCs in the ownership ladder—the sole member of HCR III Healthcare, LLC is HCR II Healthcare, LLC; the sole member of HCR II Healthcare, LLC is HCR Healthcare, LLC; the sole member of HCR Healthcare, LLC is Manor Care, Inc, which is a corporation organized under the laws of Delaware and with its principal place of business in Ohio. Defendant Carrol Carlisle is a citizen and resident of Georgia. Plaintiff does not dispute this corporate chain of ownership. Instead, Plaintiff disputes Heartland of West Ashley's claim that Ohio, by virtue of Manor Care, Inc, is its principal place of business. Plaintiff argues that the Court should rely on *Brewer v. SmithKline Beacham Corp.*, 774 F. Supp. 2d 720 (E.D. Pa. 2011), and look to the "nerve center" of the limited liability company, Heartland of West Ashley, as opposed to the "nerve center" of Manor Care, Inc. Plaintiff claims that the Fourth Circuit tacitly accepted the *Brewer* court's ruling when it stated: "We recognize that the proliferation of complex corporate structures among business enterprises may compel further attention to the issue of 'principal place of business' under 28 U.S.C. § 1332." *Mountain State Carbon, LLC*, 636 F.3d at 107 n.3.

In *Brewer*, the court held that

> for purposes of determining the citizenship of a limited liability company whose sole member is a holding company that does not direct or control the operations of the liability company, [it will] look to the 'nerve center' of the limited liability company to which the holding company has delegated the operational decision-making.

*Id.* at 722. Important to the court's decision were several facts: the LLC's agreement listed its business address in Philadelphia and required that its books, records, and accounts be kept in Philadelphia; eight of the ten senior officers of the LLC directed and controlled the LLC's

4

business from Philadelphia; its only member, Holdings, was a holding company, not an operating company; and most importantly, Holdings delegated its rights and powers to manage and control the business and affairs of the LLC to the LLC's directors and officers in Philadelphia. *Id.* at 724–29. The court highlighted the fact that LLC is manager-managed and concluded that because Holdings had elected individuals to manage and control the business and operations of the LLC, Holdings had, under Del. Code Ann. tit. 6, § 18-407, in effect delegated all decision-making authority affecting the direction, control, and coordination of the LLC to those actually running the LLC operation in Philadelphia. *Id.* at 728. It noted that had the LLC been member-managed, then Holdings would have retained its absolute right, power, and authority to control and operate the LLC's business. *Id.* at 729; Del. Code Ann. tit. 6 § 18-402.  In applying these unique facts to the *Hertz* nerve center test, the court held that Philadelphia is the "nerve center" because it is the place "where the top-level officers to whom Holdings delegated the decision-making authority are headquartered." *Id.* Thus, in so delegating, "Holdings has effectively transplanted the vast majority of its 'brain' or 'nerve center' to its managers in Philadelphia." *Id.* Here, Plaintiff argues that like in *Brewer*, Heartland of West Ashley is an LLC within a corporate holding structure whose only member is traced back to Manor Care, Inc, a holding corporation. According to Plaintiff, Heartland of West Ashley only operates at its location in Charleston and all business activities are done in Charleston, with only limited corporate activity in Ohio.  Thus, Plaintiff contends that the "nerve center" of Manor Care Inc. for purposes of the direction, control and coordination of *Heartland of West Ashley's activities* is Charleston—the place where the LLC's managers perform the vast majority of the LLC's decision-making.[2]

---

[2] Additionally, Plaintiff notes that according to the South Carolina Department of Health and Environmental Control (SCDHEC) and the South Carolina Department of Labor, Licensing, and Regulation (SCDLLR), Heartland of West Ashley is listed as a Charleston County limited

The Court declines to adopt the reasoning of *Brewer*. It is well established that an LLC is not a corporation and is not considered a citizen of its state of incorporation and principal place of business. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 703 (4th Cir. 2010); *N.Y. State Teachers Retirement Sys. v. Kalkus*, 764 F.2d 1015, 1017 (4th Cir. 1985); *Clephas v. Fagelson, Shonberger, Payne & Arthur*, 719 F.2d 92, 93 (4th Cir. 1983). Instead, an LLC's (such as Heartland of West Ashley) citizenship is determined *solely* by the citizenship of all its members (such as Manor Care, Inc.), not by the state in which it is legally organized or has its nerve center. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (holding that as with partnerships and other unincorporated associations, a limited liability company's citizenship is determined by the citizenship of its members). The record indicates that Manor Care, Inc. is headquartered in Toledo, Ohio and that its high-level officers and directors make significant corporate decisions and set corporate policy from their offices located in the headquarters in Ohio. *See* Hoops Aff. at ¶¶ 10–11. Manor Care, Inc.'s nerve center is not South Carolina by virtue of its investment, Heartland of West Ashley, operating there. As the rule stands until changed by Congress,[3] Manor Care, Inc.'s nerve center is where *its* ownership decisions are made, which is Ohio. Therefore, Manor Care, Inc. and Heartland of West Ashley are Ohio citizens because Manor Care, Inc.'s nerve center is there, and they are Delaware

---

liability company with a Charleston address and phone number. However, as Defendants point out, in section 9 of the DHEC application, which addresses the "License" or "legal entity or its governing body that has the ultimately responsibility and authority for the conduct of the facility …," Heartland of West Ashley is named with a mailing address in Toledo Ohio, at the Manor Care, Inc. headquarters. Defs.' Opp. Resp. at 6 (see Pl.'s Motion Remand, Exh. B).

[3] The Fourth Circuit acknowledged that "[w]hile a manager-managed limited liability company looks and acts somewhat like a corporation, especially with regard to derivative actions and members' claims, this argument misses the mark. A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. *Gen. Tech. Apps., Inc. v. Exro LTDA*, 388 F.3d 114, 121 (4th Cir. 2004) (citing *GMAC Commercial Credit LLC,* 357 F.3d 827, 829 (8th Cir. 2004).

citizens because Manor Care, Inc. is incorporated in Delaware. As the Supreme Court emphasized in *Hertz*, the focus is not on the place where the daily management activities occur, but the place where the *corporation's* top officers direct those activities. *See Mountain State Carbon*, 636 F.3d at 106 (citing *Hertz*, 130 S.Ct. at 1186, 1191–92) (emphasis added). Additionally, the Supreme Court acknowledged that "the use of a 'nerve center' test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332," but "in view of the necessity of having a clearer rule, we must accept them." *Hertz*, 130 S.Ct. at 1194. Therefore, the Court finds that for diversity purposes, Ohio is the principal place of business of Manor Care, Inc. and therefore, Ohio is also the principal place of business of Heartland of West Ashley. Because there is complete diversity between the parties, the Court denies Plaintiff's Motion to Remand.

The Court is even more hesitant to adopt the reasoning of *Brewer* in light of the fact that *Brewer* has been challenged by a subsequent decision in the same District on the ground that such reasoning creates a result that *Hertz* sought to avoid. *See Johnson v. Smithkline Beecham Corp.*, No. 11-5782, 2012 WL 1057435, at *5–6 (E.D. Pa. Mar 29, 2012) (finding no decision, other than *Brewer*, that adopts this delegation argument[4] and concluding that by plaintiff's logic, "a Delaware corporation that holds fifteen [LLCs] operating in fifteen different states might well have fifteen nerve centers. The Supreme Court has condemned precisely such an 'anomalous

---

[4] Stating that Holding's decision to "delegate" operational authority is typical of all holding companies and determines neither Holding's nor LLC's citizenship." *Johnson v. Smithkline Beecham Corp.*, No. 11-5782, 2012 WL 1057435, at *6 (E.D. Pa. Mar. 29, 2012). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990) (partnership's citizenship determined by citizenship of managing partners and non-managing partners alike); *Zambelli*, 592 F.3d at 419 (LLC takes members' citizenship despite their passive management role); *Gen. Tech. Applications, Inc.*, 388 F.3d at 121 (LLC assumes citizenship of its corporate member).

7

result'").[5]  Moreover, a sister court in this District has similarly found the *Brewer* court's reasoning at odds with the thorough analysis in *Hertz*. *See Dalton v. Georgia-Pacific, LLC*, No. 1:12-415-TLW-SVH, 2012 WL 2072766 (D.S.C. May 4, 2012) report and recommendation adopted, 2012 WL 2072752 (D.S.C. June 8, 2012) (declining to follow the reasoning of *Brewer*, in part, because of the *Hertz* Court's "desire to craft a 'clearer rule' that 'accept[s] occasionally counterintuitive results [as] the price the legal system must pay to avoid overly complex jurisdictional administration . . . " (quoting *Hertz*, 130 S.Ct at 1194)).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**AND IT IS SO ORDERED**.

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**October 3, 2012**
**Charleston, SC**

---

[5] The *Johnson* court also noted that "there is no indication that the *Hertz* Court intended to create a 'holding company exception.'" *Johnson*, 2012 WL 1057435, at *6.

8